**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAGHUAN PINKNEY,<br><br>                  Plaintiff,<br><br>                  v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                  Defendants. | Civil Action No. 23-20720 (ZNQ) (JBD)<br><br>**MEMORANDUM ORDER** |

        This matter comes before the Court on Plaintiff Vaghuan Pinkney's letter request to reopen this matter. (ECF No. 18.) By way of background, Plaintiff filed this matter in September 2023. (ECF No. 1.) Following Plaintiff's filing of a procedurally complete *in forma pauperis* application in December 2023, this Court granted Plaintiff *in forma pauperis* status. (ECF No. 11). When the Clerk of the Court mailed Plaintiff the order granting his request, however, that mailing was returned to the Court as undeliverable, as Plaintiff had apparently been released from prison. (*See* ECF Nos. 13-15.) Plaintiff thereafter did not update the Court as to his address, and this Court ultimately entered an order on September 9, 2024, which dismissed his complaint without prejudice pursuant to Local Civil Rule 10.1(a). (ECF No. 15.) That order provided Plaintiff with thirty days to update this Court as to his address, in which case this matter would be reopened. (*Id.*)

        Following the order dismissing his complaint for failure to keep the Court apprised of his address, Plaintiff made no filings for the remainder of 2024 and all of 2025. (ECF Docket Sheet.) On January 20, 2026, however, Plaintiff submitted a letter request seeking to reopen this matter.

(ECF No. 18.)  In that letter, apparently submitted after Plaintiff was taken back into custody, (*see id.* at 2), Plaintiff provides no explanation for his failure to update the Court as to his address. Plaintiff utterly fails to explain why he effectively abandoned his case for sixteen months before returning to his case only after he was once again in state custody.  (*Id.* at 1.)  Instead, Plaintiff only states that he is seeking to hire an attorney and file a late notice of tort claim with the state, and decries his lack of legal knowledge.  (*Id.*)

Pursuant to Local Civil Rule 10.1(a), a civil plaintiff is required to "advise the Court of any change in their or their attorney's address within seven days . . . by filing a notice of said change with the Clerk."  A plaintiff's failure to comply with the rule merits sanctions up to and including dismissal of the plaintiff's complaint.  *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015).  Rule 41(b) of the Federal Rules of Civil Procedure further provides that a district court may dismiss a case in which a plaintiff fails to prosecute his case or otherwise move it forward for an extended period of time.  Under either rule, where a court finds that a party has failed to live up to its obligations, the court must take appropriate action after considering the six factors announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir. 1984).  *See also Parks v. Ingersoll*, 380 F. App'x 190, 194 (3d Cir. 2010); *Archie*, 2015 WL 333299, at *1.  Those factors include

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*N'Jai v. Floyd*, 296 F. App'x 266, 268 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at 868).

A review of the *Poulis* factors in this matter clearly supports this Court's prior dismissal of Plaintiff's complaint without prejudice and further requires that this Court deny Plaintiff's request

to reopen this matter. As noted, Plaintiff effectively abandoned his case following his release from prison and completely ignored this matter for sixteen months after this Court dismissed his complaint without prejudice. Given Plaintiff's pro se status and the fact that he alone had the obligation and ability to provide this Court with updated information as to his address, Plaintiff is clearly responsible for the dismissal of his complaint and the extraordinary delay in requesting to reopen this matter. Likewise, the length of time during which Plaintiff ignored his dismissed case is indicative of at least a total neglect for this matter if not an outright abandonment of his claims. Given that over two years have now elapsed since this matter was filed, resulting in a stale record and diminished memories, Defendants' ability to defend against Plaintiff's claims is clearly prejudiced.

Although this Court does not necessarily find with the current record before it that Plaintiff was willful or acting in bad faith, this Court nonetheless determines that no sanction shy of dismissal of Plaintiff's complaint, as previously entered, is appropriate. Monetary sanctions or costs serve little purpose as to an indigent pro se litigant, nor does any other obvious alternative sanction shy of dismissal present itself. This Court thus finds that the *Poulis* factors continue to warrant the dismissal of Plaintiff's complaint without prejudice, albeit this time without leave to reopen. Accordingly, Plaintiff's exceedingly tardy request to reopen this matter shall therefore be denied.

**IT IS THEREFORE** on this 27th day of January 2026,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; it is further

**ORDERED** that Plaintiff's request to reopen this matter (ECF No. 18) is **DENIED**; it is further

**ORDERED** that Plaintiff's complaint shall remain **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order upon Plaintiff by regular mail and shall **CLOSE** the file.

                                                                                              s/ Zahid N. Quraishi
                                                             **ZAHID N. QURAISHI**
                                                             **UNITED STATES DISTRICT JUDGE**